IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TONY A. EASON                                                          PLAINTIFF

v.                                    Civil No. 6:26-cv-06001-SOH-MEF

JANE DOE
(Nurse Practitioner, Miller County Jail)                              DEFENDANT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned

to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the

action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly,

for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically

be reassigned to United States District Judge Susan O. Hickey and referred to the undersigned for

a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute

this case.

**I.        BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on December 29, 2025.

(ECF No. 1).  It was transferred to this District on January 6, 2026.  (ECF No. 4).  On January 12,

2026, the Court entered an Order directing Plaintiff to submit an Amended Complaint by February

2, 2026.  (ECF No. 7).  When Plaintiff failed to do so, the Court entered a Show Cause Order on

February 3, 2026.  (ECF No. 8).  Plaintiff was directed to respond by February 24, 2026.  (*Id*.).

Both Orders advised Plaintiff that failure to submit the required documents by the deadline would

result in the dismissal of his case.  (ECF Nos. 7, 8).  Neither Order was returned undeliverable.  To

1

date, Plaintiff has failed to submit either document to the Court.  Nor has he communicated with the Court in any way since the case was transferred to this District.

## II.      LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  ...  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.      ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has, therefore, failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DSIMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of March 2026.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3